FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT S.,[1] | No. 1:20-cv-03208-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | ECF Nos. 17, 20 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

1     Before the Court are the parties' cross-motions for summary judgment.  ECF

2  Nos. 17, 20.  The Court, having reviewed the administrative record and the parties'

3  briefing, is fully informed.  For the reasons discussed below, the Court grants

4  Plaintiff's motion, ECF No. 17, and denies Defendant's motion, ECF No. 20.

5                     **JURISDICTION**

6     The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

7              **STANDARD OF REVIEW**

8     A district court's review of a final decision of the Commissioner of Social

9  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

10  limited; the Commissioner's decision will be disturbed "only if it is not supported

11  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

12  1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

13  reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

14  (quotation and citation omitted).  Stated differently, substantial evidence equates to

15  "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

16  citation omitted).  In determining whether the standard has been satisfied, a

17  reviewing court must consider the entire record as a whole rather than searching

18  for supporting evidence in isolation. *Id.*

19     In reviewing a denial of benefits, a district court may not substitute its

20  judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

416.920(a).  Further, a district court "may not reverse an ALJ's decision on

account of an error that is harmless." *Id*.  An error is harmless "where it is

inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115

(quotation and citation omitted).  The party appealing the ALJ's decision generally

bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S.

396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

ORDER - 3

1  substantial gainful work which exists in the national economy."  42 U.S.C. §

2  1382c(a)(3)(B).

3       The Commissioner has established a five-step sequential analysis to

4  determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

5  416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

6  activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

7  gainful activity," the Commissioner must find that the claimant is not disabled.  20

8  C.F.R. § 416.920(b).

9       If the claimant is not engaged in substantial gainful activity, the analysis

10  proceeds to step two.  At this step, the Commissioner considers the severity of the

11  claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

12  "any impairment or combination of impairments which significantly limits [his or

13  her] physical or mental ability to do basic work activities," the analysis proceeds to

14  step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

15  this severity threshold, however, the Commissioner must find that the claimant is

16  not disabled.  *Id.*

17       At step three, the Commissioner compares the claimant's impairment to

18  severe impairments recognized by the Commissioner to be so severe as to preclude

19  a person from engaging in substantial gainful activity.  20 C.F.R. §

20  416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

1  enumerated impairments, the Commissioner must find the claimant disabled and

2  award benefits.  20 C.F.R. § 416.920(d).

3      If the severity of the claimant's impairment does not meet or exceed the

4  severity of the enumerated impairments, the Commissioner must pause to assess

5  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

6  defined generally as the claimant's ability to perform physical and mental work

7  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

8  416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

9      At step four, the Commissioner considers whether, in view of the claimant's

10  RFC, the claimant is capable of performing work that he or she has performed in

11  the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

12  capable of performing past relevant work, the Commissioner must find that the

13  claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

14  performing such work, the analysis proceeds to step five.

15      At step five, the Commissioner considers whether, in view of the claimant's

16  RFC, the claimant is capable of performing other work in the national economy.

17  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

18  must also consider vocational factors such as the claimant's age, education and

19  past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

20  Commissioner must find that the claimant is not disabled.  20 C.F.R. §

416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On June 22, 2018, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of November 1, 2017.[3]  Tr. 16, 64, 167-72.  The application was denied initially, and on reconsideration. Tr. 101-09,

---

[3] Plaintiff previously applied for Title II and Title XVI benefits, which resulted in an initial denial on June 1, 2017.  Tr. 66.  Plaintiff did not appeal the denial.  The ALJ noted Plaintiff has an initial denial dated June 1, 2007, Tr. 16, however this appears to be a typographical error as there is not a 2007 denial referenced in the record.

ORDER - 6

113-19.  Plaintiff appeared before an administrative law judge (ALJ) on April 23,

2020.  Tr. 34-63.  On May 12, 2020, the ALJ denied Plaintiff's claim.  Tr. 13-33.

At step one of the sequential evaluation process, the ALJ found Plaintiff has

not engaged in substantial gainful activity since June 22, 2018.  Tr. 18.  At step

two, the ALJ found that Plaintiff has the following severe impairments: right knee

anterior cruciate ligament (ACL) tear and meniscus tear, status post repair; cervical

degenerative disc disease; right shoulder arthritis; bilateral carpal tunnel syndrome;

status post left tibial rodding for tibial fracture; attention-deficit hyperactivity

disorder; post-traumatic stress disorder; depression; and anxiety.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a listed

impairment.  Tr. 19.  The ALJ then concluded that Plaintiff has the RFC to perform

light work with the following limitations:

> [Plaintiff] can lift and/or carry twenty pounds occasionally and ten
> pounds frequently.  He can stand and/or walk for two hours and sit for
> six hours in a workday.  He can occasionally operate foot controls
> with the bilateral lower extremities.  He can occasionally climb ramps
> or stairs.  He can never climb ladders, ropes, or scaffolds.  He can
> occasionally balance, stoop, kneel, crouch, and crawl.  He can
> frequently handle and finger.  He must avoid concentrated exposure to
> extreme cold, extreme heat, and vibration.  He must avoid all
> exposure to workplace hazards.  He is limited to simple, routine tasks.
> He can occasionally interact with coworkers and the public.

Tr. 21.

ORDER - 7

1    At step four, the ALJ found Plaintiff is unable to perform any of his past

2    relevant work.  Tr. 26.  At step five, the ALJ found that, considering Plaintiff's

3    age, education, work experience, RFC, and testimony from the vocational expert,

4    there were jobs that existed in significant numbers in the national economy that

5    Plaintiff could perform, such as production assembler, garment sorter, and bonder,

6    semiconductor.  Tr. 27.  Therefore, the ALJ concluded Plaintiff was not under a

7    disability, as defined in the Social Security Act, from the date of the application

8    through the date of the decision.  *Id.*

9    On September 22, 2020, the Appeals Council denied review of the ALJ's

10    decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for

11    purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3

12                                    **ISSUES**

13    Plaintiff seeks judicial review of the Commissioner's final decision denying

14    him supplemental security income benefits under Title XVI of the Social Security

15    Act.  Plaintiff raises the following issues for review:

16        1.  Whether the ALJ properly evaluated the medical opinion evidence;

17        2.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

18        3.  Whether the ALJ properly evaluated lay witness evidence.

19    ECF No. 17 at 2.

20                                    **DISCUSSION**

ORDER - 8

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinions of R.A. Cline, Psy.D.; Tasmyn Bowes, Psy.D.; A. Ford, Psy.D.; and Joseph McCarty, Psy.D.  ECF No. 17 at 11-18.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity

ORDER - 9

with the other evidence in the claim or an understanding of our disability

program's policies and evidentiary requirements").  20 C.F.R. § 416.920c(c)(1)-

(5).

Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered.  20 C.F.R. §

416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative
> medical finding(s), the more persuasive the medical opinions or
> prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other
> medical sources and nonmedical sources in the claim, the more
> persuasive the medical opinion(s) or prior administrative medical
> finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how

the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when

two or more medical opinions or prior administrative findings "about the same

issue are both equally well-supported ... and consistent with the record ... but are

not exactly the same," the ALJ is required to explain how "the other most

persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R.

§ 416.920c(b)(3).

1         The parties disagree over whether Ninth Circuit case law continues to be

2    controlling in light of the amended regulations, specifically whether the "clear and

3    convincing" and "specific and legitimate" standards still apply.  ECF No. 17 at 11-

4    12; ECF No. 20 at 6-8.  "It remains to be seen whether the new regulations will

5    meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's

6    reasoning and whether the Ninth Circuit will continue to require that an ALJ

7    provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis

8    of medical opinions, or some variation of those standards."  *Gary T. v. Saul*, No.

9    EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29,

10   2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3

11   (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer

12   to the new regulations, even where they conflict with prior judicial precedent,

13   unless the prior judicial construction 'follows from the unambiguous terms of the

14   statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2020 WL

15   3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet*

16   *Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d

17   Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

18   unless 'they exceeded the Secretary's authority [or] are arbitrary and

19   capricious.'").

20

ORDER - 11

1    There is not a consensus among the district courts as to whether the "clear

2  and convincing" and "specific and legitimate" standards continue to apply.  *See,*

3  *e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash.

4  Nov. 10, 2020) (applying the specific and legitimate standard under the new

5  regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal.

6  Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*,

7  2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new

8  regulations displace the treating physician rule and the new regulations control);

9  *Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D.

10 Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and

11 legitimate nor clear and convincing standard).  This Court has held that an ALJ did

12 not err in applying the new regulations over Ninth Circuit precedent, because the

13 result did not contravene the Administrative Procedure Act's requirement that

14 decisions include a statement of "findings and conclusions, and the reasons or basis

15 therefor, on all the material issues of fact, law, or discretion presented on the

16 record."  *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL

17 4071863, at *5 (E.D. Wash. Sept. 7, 2021).  Nevertheless, it is not clear that the

18 Court's analysis in this matter would differ in any significant respect under the

19 specific and legitimate standard set forth in *Lester v. Chater*, 81 F.3d 821, 830-31

20 (9th Cir. 1995).

ORDER - 12

*1. Dr. Ford and Dr. McCarty*

On September 7, 2018, Dr. Ford examined Plaintiff and rendered an opinion on his functioning. Tr. 555-58. Dr. Ford diagnosed Plaintiff with post-traumatic stress disorder, anxiety disorder, and a rule out diagnosis of ADHD. Tr. 557. Dr. Ford opined Plaintiff's ability to sustain concentration is fair to poor, and his other abilities were average to good. *Id.*

On November 11, 2019, Dr. McCarty examined Plaintiff and rendered an opinion on his functioning. Tr. 656-83. Dr. McCarty diagnosed Plaintiff with ADHD, combined type, moderate to severe; post-traumatic stress disorder, moderate severity; social-pragmatic communication disorder; tobacco use disorder, moderate severity; opioid use disorder, moderate, in full remission; alcohol use problem, moderate, in full remission; and amphetamine use disorder, mild, in full remission. Tr. 677. Dr. McCarty administered a battery of tests and had Plaintiff and his mother answer questions, and he provided a summary of the results. Tr. 656-83. His report includes statements such as "Robert isn't reliable in asking for help, using please/thank you, handling change in routine or plans without getting upset, controlling his anger if criticized or not getting his way, using his words instead of angrily screaming, recovering from upset within a minute or two, accepting suggestions, or understanding that feelings can be hurt unintentionally." Tr. 664. Dr. McCarty also noted "It's likely that there are many times in which his

ORDER - 13

1   relating gets awkward because of missteps from misreading cues and failing to

2   derive accurate anticipations." Tr. 668.  Dr. McCarty stated Plaintiff "should be

3   considered eligible for special needs support based on the attentional and learning

4   disability challenges found here," should he return to school, and he should be

5   found eligible for Vocational Rehabilitations Services.  Tr. 675.  Dr. McCarty

6   recommended starting with supervised work experiences that can accommodate

7   Plaintiff's limitations, and stated "it's not clear if this combination actually leaves

8   any viable course for employment at all . . ." *Id.*  Dr. McCarty further

9   recommended "there will be a need for supportive mentoring to help him make

10  sense of social cues and nuances in his training process; it is likely that customer

11  service/retail/fast-food-front-line jobs would be a poor match to his needs, as

12  would anything with prolonged standing or walking.  He might also benefit from

13  being paired with a 'buddy' in training and work situations to boost cue reading."

14  Tr. 676.  Dr. McCarty stated it is not clear whether the "disabling effects of his

15  long-term fine motor and short-term gross motor issues can be accommodated."

16  Tr. 677.

17        The ALJ cited to Dr. McCarty and Dr. Ford's examinations.  Tr. 20, 24.

18  However, the ALJ did not address Dr. McCarty nor Dr. Ford's opinions.

19  Defendant concedes the ALJ erred in failing to address the opinions, but argues

20  any error is harmless.  ECF No. 20 at 10-12.  Defendant argues Dr. Ford's opinion

ORDER - 14

1    was accounted for in the RFC, and Dr. McCarty's opinion was vague, amounted to

2    recommendations rather than opinions, and did not contain any specific limitations.

3    *Id.*  However, Dr. McCarty's opinion contains a statement that Plaintiff's

4    impairments have a disabling effect, and that Plaintiff's limitations may not be able

5    to be accommodated in a workplace.  Tr. 677.  The ALJ did not set forth any

6    analysis as to Dr. McCarty's statements, and thus the Court cannot consider

7    Defendant's post hoc rationalization.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th

8    Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the

9    disability determination and may not affirm the ALJ on a ground upon which he

10   did not rely.").  Given Dr. McCarty's opinion regarding the disabling effect of

11   Plaintiff's impairments, the Court cannot find the ALJ's failure to address Dr.

12   McCarty's opinion was harmless.

13        On remand, the ALJ is instructed to consider Dr. McCarty's opinion and set

14   forth an analysis regarding the persuasiveness of the opinion.  As the case is being

15   remanded to consider Dr. McCarty's opinion, the ALJ is also instructed to consider

16   Dr. Ford's opinion and set forth an analysis regarding the persuasiveness of the

17   opinion.

18        *2. Dr. Cline and Dr. Bowes*

19        On December 14, 2016, Dr. Cline examined Plaintiff and rendered an

20   opinion on his functioning.  Tr. 275-80.  Dr. Cline diagnosed Plaintiff with major

ORDER - 15

depressive disorder, recurrent, moderate (provisional); marijuana use disorder, active, moderate; panic disorder; post-traumatic stress disorder; methamphetamine use disorder, marked, in reported sustained remission; and rule out unspecified personality disorder and unspecified intellectual disorder versus specific learning disorder.  Tr. 277.  Dr. Cline opined Plaintiff has moderate limitations in his ability to understand, remember, and persist in tasks by following detailed instructions, learn new tasks, perform routine tasks without special supervision, adapt to changes in a routine work setting, make simple work-related decisions, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and set realistic goals and plan independently; marked limitation in his ability to complete a normal workday/workweek without interruptions from psychologically based symptoms; and no to only mild limitations in the remaining areas of functioning.  Tr. 278.  She opined Plaintiff's overall level of severity is moderate.  *Id.*

On July 25, 2018, Dr. Bowes examined Plaintiff and rendered an opinion on his functioning.  Tr. 540-50.  She diagnosed Plaintiff with panic disorder; persistent depressive disorder, chronic, moderate; post-traumatic stress disorder; alcohol use disorder in sustained reported remission; and methamphetamine use disorder in sustained reported remission.  Tr. 542.  Dr. Bowes opined Plaintiff has moderate limitations in his ability to understand, remember, and persist in tasks by

following detailed instructions, perform activities within a schedule, maintain

regular attendance, and be punctual within customary tolerances without special

supervision, learn new tasks, adapt to changes in a routine work setting, ask simple

questions or request assistance, and set realistic goals and plan independently;

marked limitations in his ability to communicate and perform effectively in a work

setting, maintain appropriate behavior in a work setting, and complete a normal

workday/workweek without interruptions from psychologically based symptoms;

and he has no to only mild limitations in the remaining areas of functioning.  Tr.

543.  She further opined Plaintiff overall has a moderate severity rating.  *Id.*

The ALJ found both Dr. Cline and Dr. Bowes' opinions are not persuasive,

because they conducted examinations for the purposes of determining eligibility

for a Washington State Department of Social and Health Services' (DSHS)

program, which has different criteria and policy goals than the Social Security

Administration's program.  Tr. 25.  While a determination of disability by another

agency is not binding on the Social Security Administration, 20 C.FR. § 416.904, a

blanket rejection of DSHS opinions is contrary to the Social Security requirements

to evaluate each medical opinion and articulate the persuasiveness, supportability,

and consistency of the opinion, 20 C.FR. § 416.920c.  Dr. Cline and Dr. Bowes

rendered medical opinions on Plaintiff's functioning, and not just his eligibility for

benefits.  Tr. 275-80, 540-50.

ORDER - 17

Defendant argues the ALJ also found Dr. Cline and Dr. Bowes' opinions were inconsistent with the objective findings.  ECF No. 20 at 9.  However, the ALJ made no such finding and did not set forth an analysis of the consistency or supportability of the opinions.  The ALJ stated he considered the objective findings of the doctors, and found the evaluations are relevant and useful, but he found the opinions were not persuasive.  Tr. 25.  The only reason the ALJ articulated for finding the opinions not persuasive was the fact that the opinions were rendered during DSHS evaluations.  *Id.*  As such, the Court cannot consider Defendant's post hoc rational.  *See Orn*, 495 F.3d at 630.  On remand, the ALJ is instructed to reconsider Dr. Cline and Dr. Bowes' opinions, and set forth an analysis of the opinions' persuasiveness as required by 20 C.F.R. § 416.920c.

**B. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims.  ECF No. 17 at 4-10.  An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).  "The claimant is not required to show that [the claimant's] impairment could

reasonably be expected to cause the severity of the symptom [the claimant] has

alleged; [the claimant] need only show that it could reasonably have caused some

degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

omitted). General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these claims.

*Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th

Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's

symptom claims)). "The clear and convincing [evidence] standard is the most

demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920,

924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting

effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

ORDER - 19

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

416.929(c).  The ALJ is instructed to "consider all of the evidence in an

individual's record," to "determine how symptoms limit ability to perform work-

related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of his

symptoms were not entirely consistent with the evidence.  Tr. 22.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting

limitations relies almost entirely on the ALJ's assessment of the medical evidence.

Having determined a remand is necessary to readdress the medical source

opinions, any reevaluation must necessarily entail a reassessment of Plaintiff's

subjective symptom claims.  Thus, the Court need not reach this issue and on

remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the

context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir.

ORDER - 20

1  2012) ("Because we remand the case to the ALJ for the reasons stated, we decline

2  to reach [plaintiff's] alternative ground for remand.").

3  **C. Lay Witness Evidence**

4      Plaintiff contends the ALJ erred in his consideration of the lay witness

5  statements of Patsy Aarstad, Mandy Draper, and Jocelyn Robinette.  ECF No. 17 at

6  19-20.  An ALJ is not required to articulate how he considered evidence from

7  nonmedical sources under the new regulations.  *See* 20 C.F.R. § 416.920c(d).

8  However, as the case is being remanded for the reasons discussed *supra*, the ALJ is

9  also instructed to reconsider the lay witness evidence.

10  **D. Remedy**

11      Plaintiff urges this Court to remand for an immediate award of benefits.

12  ECF No. 17 at 2, 12, 16-18, 21.

13      "The decision whether to remand a case for additional evidence, or simply to

14  award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

15  1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

16  When the Court reverses an ALJ's decision for error, the Court "ordinarily must

17  remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041,

18  1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

19  proper course, except in rare circumstances, is to remand to the agency for

20  additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

Plaintiff has not demonstrated that if the improperly rejected medical opinions were credited as true, the ALJ would be required to find Plaintiff disabled.  Dr. Ford's opinion does not set forth clearly disabling limitations.  *See* Tr. 557.  Dr. McCarty opined Plaintiff's impairments have a disabling effect, Tr. 677, however, this is an issue reserved to the Commissioner, 20 C.F.R. § 416.920b(c)(3)(i).  The remainder of Dr. McCarty's opinions are not clearly

disabling.  *See* Tr. 656-83.  While Dr. Bowes and Dr. Cline's opinions contain disabling limitations, there are inconsistencies requiring resolution by the ALJ. While the opinions state Plaintiff has one or more marked limitations, there are conflicts between the medical opinions, including the non-disabling opinions of the State agency consultants.  There is also a conflict between Dr. Bowes' and Dr. Cline's opinion, as Dr. Cline opined Plaintiff has only one marked limitation, Tr. 278, while Dr. Bowes opined Plaintiff has three marked limitation, Tr. 543. Plaintiff also argues for immediate benefits based on crediting his statements, however there are conflicts in the evidence requiring resolution by the ALJ, such as evidence of Plaintiff going to the gym several times per week and going on a three-mile walk during the relevant period, Tr. 474, 607, 612, as well as references to Plaintiff wrestling, hiking, and bicycling in late 2017, Tr. 328-29, despite Plaintiff's allegations of disabling physical limitations.  There is also a reference to a provider being suspicious Plaintiff was seeking pain medication.  Tr. 512.  As such, the case is remanded for further proceedings consistent with this Order.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

ORDER - 23

1.  The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2.   Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED March 15, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 24